favor of this situation that we think the judgment should be reversed and a new trial ordered.

Judgment reversed upon the facts, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### TANZSHEIM v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

COSTS—PAYMENT OF COSTS IN FORMER ACTION—ACQUISITION OF JUDGMENT.

The fact that defendant, after service of papers on a motion to require plaintiff to pay the costs of a former action against another defendant, procured an assignment of the judgment for such costs from the judgment creditor, furnished no grounds for granting the motion.

Appeal from Kings County Court.

Action by Isaac Tanzsheim against the Brooklyn, Queens County & Surburban Railroad Company. From an order directing plaintiff to pay costs in a former action, he appeals. Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Mitchell May, for appellant.
I. R. Oeland, for respondent.

RICH, J. On March 17, 1903, the plaintiff commenced an action against the Brooklyn Heights Railroad Company in the Municipal Court of the city of New York to recover damages alleged to have been sustained in consequence of an assault committed upon him by one of the servants of that defendant. The complaint was dismissed upon the trial, and a judgment for $17.40 costs docketed in favor of defendant and against the plaintiff. This judgment was never collected or paid. On May 25, 1903, the plaintiff commenced this action against the same defendant, to recover for the same cause of action, in the County Court of Kings county. On June 11, 1903, the Brooklyn, Queens County & Suburban Railroad Company was, by stipulation, substituted as defendant in place of the company against which the action was commenced. Each company is a domestic corporation existing at the time of the commencement of said actions, and down to the time of the granting of the order appealed from, transacting and carrying on business entirely independent of, and, so far as shown, having no connection with, each other. No further proceedings appear to have been taken in the action until February 24, 1905, when the defendant moved in the County Court for an order staying all proceedings on the part of the plaintiff until he paid the costs of the former action. It appeared that the judgment was recovered by the Brooklyn Heights Railroad Company. On February 27th (three days after the submission of the motion) the defendant procured an assignment of said judgment from the judgment creditor, the Brooklyn Heights Railroad Company; and on the following day an affidavit was made by Frank P. Reilly, counsel for defendant, alleging such an assign-

ment, to which were attached copies of the summons and complaint in this action, and stipulation for substitution. An order was thereupon made directing plaintiff to pay to the defendant the sum of $17.40, and stayed all proceedings on his part, except to review or vacate it, unless its terms were complied with. From such order this appeal is taken.

It appears that at the time the motion was made the defendant had no interest in the costs of the former action, and was not entitled to the relief sought; and, until proof of such assignment and consequent interest was before the court, it was not warranted in granting the motion. The motion should have been determined upon the facts existing at the time it was made. The defendant was not then entitled to the relief sought, and should not be permitted to enjoy the fruits of an order based on the ownership of the judgment not acquired until after the service of the motion papers. Rule 21, General Rules of Practice; Rumsey's Practice, vol. 1, p. 251, and cited cases. It had no interest in the judgment until nine days after the motion papers were served, and three days after the motion was submitted to the court.

The order appealed from should be reversed, with costs.

Order of the County Court of Kings County reversed, with $10 costs and disbursements. All concur.